IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| BANDSPEED, INC., <br><br> Plaintiff, <br><br> v. <br><br> STMICROELECTRONICS N.V. and STMICROELECTRONICS INC. <br><br> Defendants. | CASE NO. 1:14-cv-437-LY |

**FIRST AMENDED COMPLAINT**

Plaintiff Bandspeed, Inc. ("Bandspeed"), by and through its attorneys, files its First Amended Complaint against defendants STMicroelectronics N.V. and STMicroelectronics, Inc. (collectively, "STMicro" or "Defendants"), and hereby alleges as follows:

## I.   NATURE OF ACTION

1. This is a patent infringement action to end Defendants' unauthorized and infringing manufacture, use, sale, offering for sale, and/or importation of methods and products incorporating Bandspeed's patented inventions.

2. Bandspeed is the owner of all right, title, and interest in and to: United States Patent No. 7,027,418 ("the '418 Patent"), issued on April 11, 2006 for "Approach for Selecting Communications Channels Based on Performance"; United States Patent No. 7,570,614 ("the '614 patent"), issued on August 4, 2009 for "Approach for Managing Communications Channels Based on Performance"; United States Patent No. 7,477,624 ("the '624 Patent"), issued on January 13, 2009 for "Approach for Managing the Use of Communications Channels Based on Performance"; United States Patent No. 7,903,608 ("the '608 Patent"), issued on March 8, 2011

for "Approach for Managing the Use of Communications Channels Based on Performance"; United States Patent No. 8,542,643 ("the '643 Patent), issued on September 24, 2013 for "Approach for Managing the Use of Communications Channels Based on Performance"; and United States Patent No. 8,873,500 ("the '500 Patent), issued on October 28, 2014 for "Approach for Managing the Use of Communications Channels Based on Performance" (collectively, the "Patents").  Upon information and belief, each Defendant has been and currently is infringing, contributing to the infringement of, and/or inducing the infringement of Bandspeed's patents, by, among other things, making, using, selling, importing, and/or offering for sale, within the territorial boundaries of the United States, products that are covered by one or more claims of Bandspeed's patents.

3. Defendants manufacture, provide, sell, offer for sale, import, and/or distribute infringing products and services; and/or induces others to make and use its products and services in an infringing manner; and/or contributes to the making and use of infringing products and services by others, including their customers, who directly infringe the Patents.

## II.    THE PARTIES

4. Plaintiff Bandspeed is a Delaware corporation with its principal place of business located in Austin, Texas.

5. Upon information and belief, STMicroelectronics N.V. is a corporation operating under the laws of the Netherlands with it principal place of business located at WTC Schiphol Airport, Schiphol Boulevard 265, 1118 BH Schiphol, The Netherlands where it can be served with process.

6. Upon information and belief, STMicroelectronics, Inc. is a Delaware corporation with its principal place of business located at 750 Canyon Drive, Suite 300, Coppell, Texas

75019. Upon information and belief, defendant STMicroelectronics, Inc. is authorized to do business in Texas. STMicroelectronics, Inc. may be served by serving its registered agent CT Corp System, 1999 Bryan Street, Ste. 900, Dallas, Texas 75201-3136. STMicro has appeared in this action.

### III.   JURISDICTION AND VENUE

7.   This is an action for patent infringement which arises under the Patent Laws of the United States, in particular 35 U.S.C. §271, 281, 283, 284, and 285. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §1331 and 1338(a).

8.   This Court has personal jurisdiction over Defendants and venue is proper in this Court pursuant to 28 U.S.C. §1391(b), (c), and 1400.

### IV.   PLAINTIFF'S PATENTS

9.   The '418, '624, '608, '643, and '500 Patents disclose an approach for selecting sets of communications channels that involves determining the performance of communications channels. A set of channels is selected based on the results of performance testing and specified criteria. The participant generates data that identifies the selected set of channels and provides that data to other participants of the communications network. The participants communicate over the set of channels, such as by using a frequency hopping protocol. When a specified time expires or monitoring of the performance of the channel set identifies poor performance of the set of channels, the participant selects another set of channels for use in communications based on additional performance testing.

10.   The '614 Patent discloses an approach for managing communications channels based on performance. It involves selecting a particular channel based on channel performance.

Based on the selected channel, channel identification data is provided to another participant of the communications system to determine on which channel to respond.

11. Bandspeed has all substantial right and interest to the Patents, including all rights to recover for all past and future infringement thereof.

## V. DEFENDANTS' ACTS

12. Defendants manufacture, provide, sell, offer for sale, and/or distribute infringing products. Examples of the infringing products include integrated circuits—or a set of integrated circuits—that use an adaptive frequency hopping communication protocol in version 1.2 and any later version of the Bluetooth Specification, and all of Defendants' products that operate in a reasonably similar manner.

13. Defendants have had knowledge of the '418, '624, '608, and '643 Patents at least as early as the time of service of the Original Complaint. Defendants have had knowledge of the '500 Patent at least as early as the time of service of this First Amended Complaint.

14. Despite this knowledge, Defendants continue broadly selling their infringing devices in the marketplace. Further, with knowledge of the Patents, Defendants provide related services, specifications and instructions for the installation and infringing operation of such products to its customers, who directly infringe the Patents.

15. Through their actions, Defendants have infringed the '418 Patent, '614 Patent, '624 Patent, '608 Patent, '643 Patent, and '500 Patent, and actively induced others to infringe and contributed to the infringement by others of the '418 Patent, '614 Patent, '624 Patent, '608 Patent, '643 Patent, and '500 Patent, throughout the United States.

16. Defendants manufacture, provide, sell, offer for sale, and/or distribute integrated circuits that use an adaptive frequency hopping communication protocol in version 1.2 and any later version of the Bluetooth Specification.

17. Adaptive frequency hopping is material to practicing the invention described by the Patents.

18. Defendants are members of the Bluetooth Special Interest Group.

19. Defendants intentionally manufacture and sell integrated circuits that are specifically designed to provide adaptive frequency hopping and other functionalities in compliance with version 1.2 or later of the Bluetooth Specification in a manner that infringes the Patents.

20. Defendants take extensive steps to test these products to ensure compliance with the Bluetooth Specification and to qualify an integrated circuit for Bluetooth certification.

21. In connection with compliance, for qualifying Bluetooth products, Defendants prepare a Core Implementation Compliance Statement (or Core ICS).

22. The Core ICS requires Defendants to acknowledge whether the product supports certain capabilities, including adaptive frequency hopping (AFH), which is found in Table 26 of the Link Manager Protocol section.

23. Defendants have submitted Core ICSs that indicate "Yes" for support of certain features of AFH that infringe the Patents. For example,

   a. Defendants have submitted Core ICSs that indicate "Yes" for Table 26, Item 1, "Support of AFH switch as master"; and

   b. Defendants have submitted Core ICSs that indicate "Yes" for Table 26, Item 6, "Support of Channel Classification."

Other portions of Defendants' Core ICSs also provide relevant evidence of infringement of the Patents.

24. Certain of Defendants' customers require features and capabilities, including among others, adaptive frequency hopping, that comply with the Bluetooth Specification, and Defendants market and advertise the benefits of their infringing products' compliance with the Bluetooth Specification regarding such features and capabilities.

25. Moreover, Defendants induce their customers to infringe and contribute to the infringement of their customers by instructing or specifying that their customers install the infringing integrated circuits in products such that they operate in an infringing manner. Defendants specify that the infringing products operate in an infringing manner by providing source code or firmware on the integrated circuit that causes it to operate in an infringing manner.

26. The normal, intended operation of Defendants' products to provide certain capabilities and features, including among others adaptive frequency hopping, in compliance with version 1.2 or later of the Bluetooth Specification infringes the Patents. The products therefore have no substantial non-infringing uses.

27. Therefore, Defendants induce their customers to directly infringe or contribute to the direct infringement of their customers.

28. Bandspeed has been and will continue to suffer damages as a result of Defendants' infringing acts.

## COUNT ONE
## PATENT INFRINGEMENT – U.S. PATENT NO. 7,027,418

29. Plaintiff Bandspeed realleges and incorporates herein paragraphs 1- 28.

30. Defendants have directly infringed the '418 Patent.

31. Defendants have indirectly infringed the '418 Patent by inducing the infringement of the '418 Patent and contributing to the infringement of the '418 Patent.

32. Upon information and belief, Defendants have jointly infringed the '418 Patent, including by controlling and/or directing others to perform one or more of the claimed method steps.

33. Defendants' aforementioned acts have caused damage to Bandspeed and will continue to do so.

## COUNT TWO
## PATENT INFRINGEMENT – U.S. PATENT NO. 7,570,614

34. Bandspeed realleges and incorporates herein paragraphs 1 - 28.

35. Defendants have directly infringed the '614 Patent.

36. Defendants have indirectly infringed the '614 Patent by inducing the infringement of the '614 Patent and contributing to the infringement of the '614 Patent.

37. Upon information and belief, Defendants have jointly infringed the '614 Patent, including by controlling and/or directing others to perform one or more of the claimed method steps.

38. Defendants' aforementioned acts have caused damage to Bandspeed and will continue to do so.

## COUNT THREE
## PATENT INFRINGEMENT – U.S. PATENT NO.7,477,624

39. Bandspeed realleges and incorporates herein paragraphs 1- 28.

40. Defendants have directly infringed the '624 Patent.

41. Defendants have indirectly infringed the '624 Patent by inducing the infringement of the '624 Patent and contributing to the infringement of the '624 Patent.

42. Upon information and belief, Defendants have jointly infringed the '624 Patent, including by controlling and/or directing others to perform one or more of the claimed method steps.

43. Defendants' aforementioned acts have caused damage to Bandspeed and will continue to do so.

### COUNT FOUR
### PATENT INFRINGEMENT – U.S. PATENT NO. 7,903,608

44. Bandspeed realleges and incorporates herein paragraphs 1- 28.

45. Defendants have directly infringed the '608 Patent.

46. Defendants have indirectly infringed the '608 Patent by inducing the infringement of the '608 Patent and contributing to the infringement of the '608 Patent.

47. Upon information and belief, Defendants have jointly infringed the '608 Patent, including by controlling and/or directing others to perform one or more of the claimed method steps.

48. Defendants' aforementioned acts have caused damage to Bandspeed and will continue to do so.

### COUNT FIVE
### PATENT INFRINGEMENT – U.S. PATENT NO. 8,542,643

49. Bandspeed realleges and incorporates herein paragraphs 1- 28.

50. Defendants have directly infringed the '643 Patent.

51. Defendants have indirectly infringed the '643 Patent by inducing the infringement of the '643 Patent and contributing to the infringement of the '643 Patent.

52. Upon information and belief, Defendants have jointly infringed the '643 Patent, including by controlling and/or directing others to perform one or more of the claimed method steps.

53. Defendants' aforementioned acts have caused damage to Bandspeed and will continue to do so.

## COUNT SIX
## PATENT INFRINGEMENT – U.S. PATENT NO. 8,873,500

54. Bandspeed realleges and incorporates herein paragraphs 1 - 30.

55. Defendant has directly infringed the '500 Patent.

56. Defendant has indirectly infringed the '500 Patent by inducing the infringement of the '500 Patent and contributing to the infringement of the '500 Patent.

57. Upon information and belief, Defendant has jointly infringed the '500 Patent, including by controlling and/or directing others to perform one or more of the claimed method steps.

58. Defendant's aforementioned acts have caused damage to Bandspeed and will continue to do so.

## VI.   JURY DEMAND

59. Plaintiff Bandspeed hereby demands a jury on all issues so triable.

## VII.   REQUEST FOR RELIEF

WHEREFORE, plaintiff Bandspeed respectfully requests that the Court:

A. Enter judgment that Defendants infringe one or more claims of the Patents literally and/or under the doctrine of equivalents;

B.   Award plaintiff Bandspeed past and future damages together with prejudgment and post-judgment interest to compensate for the infringement by Defendants of the Patents in accordance with 35 U.S.C. §284;

C.   Declare this case exceptional pursuant to 35 U.S.C. 285; and

D.   Award plaintiff Bandspeed its costs, disbursements, attorneys' fees, and such further and additional relief as is deemed appropriate by this Court.

Dated: January 16, 2015

Respectfully submitted,

By:   /s/ *Christopher V. Goodpastor*
Christopher V. Goodpastor
Texas State Bar No. 00791991
Andrew G. DiNovo
Texas State Bar No. 00790594
Adam G. Price
Texas State Bar No. 24027750
Gregory S. Donahue
Texas State Bar No. 24012539
DINOVO PRICE ELLWANGER &
HARDY LLP
7000 N. MoPac Expressway
Suite 350
Austin, Texas  78731
Telephone: (512) 539-2626
Facsimile: (512) 539-2627
Email: cgoodpastor@dpelaw.com
adinovo@dpelaw.com
aprice@dpelaw.com
gdonahue@dpelaw.com

                                        Mikal C. Watts
                                        Texas State Bar No. 20981820
                                        Francisco Guerra, IV
                                        Texas State Bar No. 00797784
                                        WATTS GUERRA LLP
                                        4 Dominion Drive, Bldg. 3, Ste 100
                                        San Antonio, Texas 78247
                                        Telephone: (210) 447-0500
                                        Facsimile: (210) 447-0501
                                        Email: mcwatts@wattsguerra.com
                                        fguerra@wattsguerra.com

                                        **ATTORNEYS FOR PLAINTIFF**
                                        **BANDSPEED, INC.**

**CERTIFICATE OF SERVICE**

      I hereby certify that on January 16, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to all parties. I further certify that I have served via e-mail to the following non-CM/ECF participants.

                                          */s/ Christopher V. Goodpastor*
                                            Christopher V. Goodpastor