IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **BANDSPEED, INC.,**<br><br>   Plaintiff,<br><br>v.<br><br>**STMICROELECTRONICS N.V. and STMICROELECTRONICS, INC.,**<br><br>   Defendants. | **Cause No. 1:14-cv-437-LY**<br><br>**JURY TRAIL DEMANDED** |

### DEFENDANT STMICROELECTRONICS N.V.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant STMicroelectronics NV ("NV") hereby responds by way of Answer and Affirmative Defenses to Plaintiff Bandspeed, Inc.'s ("Bandspeed") First Amended Complaint ("Complaint") (Dkt. No. 46) as follows:

### NATURE OF ACTION

1.     NV admits this purports to be a patent infringement action, but otherwise denies the allegations in Paragraph 1 of the Complaint.

2.     NV admits that U.S. Patent No. 7,027,418 ("'418 Patent") issued on April 11, 2006, and is titled "Approach for Selecting Communications Channels Based on Performance." NV admits that U.S. Patent No. 7,570,614 ("'614 Patent") issued on August 4, 2009, and is titled "Approach for Managing Communications Channels Based on Performance." NV admits that U.S. Patent No. 7,477,624 ("'624 Patent") issued on January 13, 2009, and is titled "Approach for Managing the Use of Communications Channels Based on Performance." NV admits that U.S. Patent No. 7,903,608 ("'608 Patent") issued on March 8, 2011, and is titled "Approach for

Managing the Use of Communications Channels Based on Performance."  NV admits that U.S. Patent No. 8,542,643 ("'<u>643 Patent</u>") issued on September 24, 2013, and is titled "Approach for Managing the Use of Communications Channels Based on Performance."  NV admits that U.S. Patent No. 8,873,500 ("'<u>500 Patent</u>") issued on October 28, 2014, and is titled "Approach for Managing the Use of Communications Channels Based on Performance."  The '418 Patent, the '614 Patent, the '624 Patent, the '608 Patent, the '643 Patent, and the '500 Patent are collectively referred to herein as the "<u>Asserted Patents</u>".  NV is without knowledge or information sufficient to form a belief as to the truth of the statements concerning Bandspeed's ownership right, title, or interest in the Asserted Patents.  Except as so admitted, NV denies the remaining allegations in Paragraph 2 of the Complaint.

3. NV denies the allegations in Paragraph 3 of the Complaint.

## THE PARTIES

4. NV is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the Complaint, and on that basis denies the allegations in Paragraph 4 of the Complaint.

5. NV admits that it is a corporation operating under the laws of the Netherlands with its principal executive offices located at WTC Schiphol Airport, Schiphol Boulevard 265, 1118 BH Schiphol, The Netherlands, where service may be effected.

6. NV admits that STMicroelectronics, Inc. is a Delaware corporation, registered to do business in Texas, with its principal place of business located at 750 Canyon Drive, Suite 300, Coppell, Texas 75019.  NV further admits that STMicroelectronics, Inc. may be served through its registered agent CT Corp System, 1999 Bryan Street, Ste. 900, Dallas, Texas 75201-3136.

NV admits that it has appeared in this action. Except as so admitted, NV denies the allegations in Paragraph 6 of the Complaint.

## JURISDICTION AND VENUE

7.     NV admits that this purports to be a patent infringement action which arises under the patent laws of the United States, Title 35 of the United States Code. Except as so admitted, NV denies the allegations in Paragraph 7 of the Complaint.

8.     NV denies that this Court has jurisdiction over it and that venue is proper in the Western District of Texas. Except as so admitted, NV denies the remaining allegations in Paragraph 8 of the Complaint.

## PLAINTIFF'S PATENTS

9.     NV denies the allegations in Paragraph 9 of the Complaint.

10.    NV denies the allegations in Paragraph 10 of the Complaint

11.    NV is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint, and on that basis denies the allegations in Paragraph 11 of the Complaint.

## DEFENDANTS' ACTS

12.    NV denies the allegations in Paragraph 12 of the Complaint.

13.    NV denies that it had knowledge of the '418 Patent, the '614 Patent, the '624 Patent, the '608 Patent, the '643 Patent, or the '500 Patent prior to the service of the Original Complaint (Dkt. No. 1). NV admits that it had knowledge of the '500 Patent at the time of service of the First Amended Complaint (Dkt. No. 46). Except as so admitted, NV denies the allegations in Paragraph 13 of the Complaint.

14.    NV denies the allegations in Paragraph 14 of the Complaint.

15. NV denies the allegations in Paragraph 15 of the Complaint.

16. NV denies the allegations in Paragraph 16 of the Complaint.

17. NV is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint, and on that basis denies the allegations in Paragraph 17 of the Complaint.

18. NV admits that it is a member of the Bluetooth Special Interest Group. Except as so admitted, NV denies the remaining allegations in Paragraph 18 of the Complaint.

19. NV denies the allegations in Paragraph 19 of the Complaint.

20. NV denies the allegations in Paragraph 20 of the Complaint.

21. NV denies the allegations in Paragraph 21 of the Complaint.

22. NV denies the allegations in Paragraph 22 of the Complaint.

23. NV denies the allegations in Paragraph 23 of the Complaint.

24. NV denies the allegations of Paragraph 24 of the Complaint.

25. NV denies the allegations of Paragraph 25 of the Complaint.

26. NV denies the allegations of Paragraph 26 of the Complaint.

27. NV denies the allegations of Paragraph 27 of the Complaint.

28. NV denies the allegations of Paragraph 28 of the Complaint.

## COUNT ONE
## PATENT INFRINGEMENT – U.S. PATENT NO. 7,027,418

29. NV repeats and realleges its responses to Paragraphs 1 through 28 of the Complaint as if fully set forth herein.

30. NV denies the allegations in Paragraph 30.

31. NV denies the allegations in Paragraph 31.

32. NV denies the allegations in Paragraph 32.

33. NV denies the allegations in Paragraph 33.

## COUNT TWO
## PATENT INFRINGEMENT – U.S. PATENT NO. 7,570,614

34. NV repeats and realleges its responses to Paragraphs 1 through 28 of the Complaint as if fully set forth herein.

35. NV denies the allegations in Paragraph 35.

36. NV denies the allegations in Paragraph 36.

37. NV denies the allegations in Paragraph 37.

38. NV denies the allegations in Paragraph 38.

## COUNT THREE
## PATENT INFRINGEMENT – U.S. PATENT NO. 7,477,624

39. NV repeats and realleges its responses to Paragraphs 1 through 28 of the Complaint as if fully set forth herein.

40. NV denies the allegations in Paragraph 40.

41. NV denies the allegations in Paragraph 41.

42. NV denies the allegations in Paragraph 42.

43. NV denies the allegations in Paragraph 43.

## COUNT FOUR
## PATENT INFRINGEMENT – U.S. PATENT NO. 7,903,608

44. NV repeats and realleges its responses to Paragraphs 1 through 28 of the Complaint as if fully set forth herein.

45. NV denies the allegations in Paragraph 45.

46. NV denies the allegations in Paragraph 46.

47. NV denies the allegations in Paragraph 47.

48. NV denies the allegations in Paragraph 48.

## COUNT FIVE
## PATENT INFRINGEMENT – U.S. PATENT NO. 8,542,643

49. NV repeats and realleges its responses to Paragraphs 1 through 28 of the Complaint as if fully set forth herein.

50. NV denies the allegations in Paragraph 50.

51. NV denies the allegations in Paragraph 51.

52. NV denies the allegations in Paragraph 52.

53. NV denies the allegations in Paragraph 53.

## COUNT SIX
## PATENT INFRINGEMENT – U.S. PATENT NO. 8,542,643

54. NV repeats and realleges its responses to Paragraphs 1 through 28 of the Complaint as if fully set forth herein.

55. NV denies the allegations in Paragraph 55.

56. NV denies the allegations in Paragraph 56.

57. NV denies the allegations in Paragraph 57.

58. NV denies the allegations in Paragraph 58.

## JURY DEMAND

59. NV acknowledges that Bandspeed has requested trial by jury.

## REQUEST FOR RELIEF

60. NV denies any and all allegations contained in the remainder of the Complaint and denies that Bandspeed is entitled to any of the relief requested in Paragraphs A through D of its Request for Relief or to any relief in any form whatsoever from NV.

## GENERAL DENIAL

61.     NV further denies each and every allegation in the Complaint to which it has not specifically admitted, denied, or otherwise responded in this Answer to Bandspeed's Complaint.

## FACTUAL BACKGROUND FOR CERTAIN AFFIRMATIVE DEFENSES

62.     Bandspeed claims to have contributed the Adaptive Frequency Hopping ("AFH") technology described in the Asserted Patents to the Bluetooth Special Interest Group ("Bluetooth SIG"), through its Associate Membership in Bluetooth SIG and its active participation in the Coexistence Working Group of Bluetooth SIG.

63.     Bandspeed, as an Associate Member of Bluetooth SIG, signed and agreed to be bound the terms of the Bluetooth Patent/Copyright License Agreement ("Bluetooth License Agreement"), including the express provision that all Contributions by an Associate Member that are submitted for inclusion in a Bluetooth Specification, and are Necessary Claims for the Bluetooth Specification, are licensed to Bluetooth SIG and its members, including NV and STMicroelectronics, Inc., royalty-free.

64.     Bandspeed claims that the AFH technology contributed by Bandspeed for inclusion in the Bluetooth Specification was adopted in Bluetooth Specification version 1.2 and above.  Bandspeed claims that the AFH technology claimed in the Asserted Patents is "necessary" for complying with Bluetooth Specification version 1.2 and above.  Bandspeed, however, in bad faith and in breach of its obligations under the Bluetooth License Agreement, wrongfully denies that Bluetooth SIG and its members, including NV and STMicroelectronics, Inc., are licensed to the Asserted Patents.

65.     It has now come to light that Bandspeed hatched an unlawful, inequitable plan to allegedly contribute its AFH technology to Bluetooth, and once the AFH technology had been

approved for inclusion in the Bluetooth Specification, to withdraw from Bluetooth SIG and claim that any product in compliance with Bluetooth Specification version 1.2 and above infringed the Asserted Patents. Bandspeed's conduct is a breach of the Bluetooth License Agreement. Under the doctrines of promissory estoppel and waiver, Bandspeed is barred from suing Bluetooth SIG and its members, including NV and STMicroelectronics, Inc., on the Asserted Patents. Bandspeed's conduct renders the Asserted Patents unenforceable due to unclean hands and equitable estoppel.

### Bandspeed's Participation in Bluetooth SIG

66. Bluetooth SIG is a standards-setting body for the electronics industry that develops and promulgates standards relating to Bluetooth wireless technology.

67. NV and STMicroelectronics, Inc. joined Bluetooth SIG as an Adopter Member, as that term is defined in the Bluetooth License Agreement and the Bylaws of Bluetooth SIG, on July 16, 1998, and is currently an Associate Member.

68. NV is informed and believes, and thereon alleges, that Bandspeed joined Bluetooth SIG as an Associate Member in September 2001.

69. NV is informed and believes, and thereon alleges, that Bandspeed actively participated in the standards setting process for the Bluetooth Specification, including version 1.2.

70. NV is informed and believes, and thereon alleges, that Bandspeed was admitted to the Coexistence Working Group of Bluetooth SIG on October 16, 2001, and contributed the AFH technology that Bandspeed claims is described in the Asserted Patents for inclusion in the Bluetooth Specification.

71. NV is informed and believes, and thereon alleges, that prior to October 2001, Bandspeed had recommended the same AFH technology for inclusion in the 802.15 specification for the Institute of Electronics and Electrical Engineers ("IEEE").

72. NV is informed and believes, and thereon alleges, that on October 22, 2001, the Coexistence Working Group notified Bandspeed that Bandspeed's AFH technology had been selected for inclusion in Bluetooth Specification version 1.2.

73. Bandspeed's active participation in, and contributions to, the Bluetooth Specification are confirmed by the fact that one of the inventors listed on the face of the Asserted Patents is named as a contributor to Bluetooth Specification version 1.2 and above.

### The Bluetooth License Agreement

74. Section 4(b) of the Bluetooth License Agreement provides that:

> All Contributions by a contributing Associate or Adopter Member that have been submitted for inclusion in any Bluetooth Specification or Draft Bluetooth Specification shall be licensed by the contributing Associate or Adopter Member to all Licensees (as defined in Section 5(b) hereof) under the grant specified in Section 5(b) hereof for all Bluetooth Specifications in which the Contributions become included, even if such Associate or Adopter Member has withdrawn or been terminated as a Member of Bluetooth SIG.

75. "Contribution" is defined in the Bluetooth License Agreement as "any written or electronic document submitted to a Working Group for inclusion into a Bluetooth Specification by a Bluetooth SIG member or agreed upon in writing or electronically by a Bluetooth SIG Member that such document is a contribution of such Bluetooth SIG Member."

76. The license grant specified in Section 5(b) of the Bluetooth License Agreement is a "non-exclusive, royalty-free, perpetual, irrevocable, nontransferable, nonsublicenseable, worldwide license under the … Necessary Claims."

77. "Necessary Claims" are defined in the Bluetooth License Agreement as "claims of a patent application that (a) are owned or controlled by a party or its Affiliates now or at any

future time while this License Agreement remains in effect; and (b) are necessarily infringed by implementing those portions of a Bluetooth Specification…"

### Bandspeed's Unlawful, Inequitable Conduct

78. NV is informed and believes, and thereon alleges, that during its membership in Bluetooth SIG, Bandspeed hatched an unlawful, inequitable plan to contribute its AFH technology for inclusion in the Bluetooth Specification, and then withdraw from Bluetooth SIG after the AFH technology had been approved for inclusion in the Bluetooth Specification for the unlawful, inequitable purpose of asserting the Asserted Patents against any product in compliance with the Bluetooth Specification.

79. Bandspeed's unlawful, inequitable conduct is evidence by an internal memo dated March 25, 2002, that set out the specifics of the plan:

- Likely conclusion is: IP is worthless until SIG adopts AFH in next standard version and we resign from SIG.
- Keep a small core of Bandspeed people in Bluetooth to continue to contribute to SIG and IEEE so we win the IP in the Bluetooth standard.
- Resign from Bluetooth SIG when notified that our AFH IP is to be incorporated (or shortly before) so we keep IP rights and they don't go to Bluetooth SIG members for free.
- Then re-surface with AFH IP Licensing-for-Fee.

80. NV is informed and believes, and thereon alleges, that in furtherance of this unlawful, inequitable plan, Bandspeed employees, including Rick Beale, Stan Skafidas and Michael Luther, among others, discussed the need to withdraw from Bluetooth SIG prior to Bluetooth SIG's adoption of Bandspeed's AFH technology as part of the Bluetooth Specification.

81. NV is informed and believes, and thereon alleges, that on or about November 26, 2002, the Coexistence Working Group, after having previously notified Bandspeed that Bandspeed's AFH technology had been selected inclusion in Bluetooth Specification version 1.2,

notified Bandspeed that Bandspeed's AFH technology had been approved for inclusion in Bluetooth Specification version 1.2.

82. NV is informed and believes, and thereon alleges, that Bandspeed withdrew from Bluetooth SIG on December 12, 2002, less than 3 weeks after having been informed by the Coexistence Working Group that Bandspeed's AFH technology had been approved for inclusion in Bluetooth Specification version 1.2.

83. Bandspeed's withdrawal from Bluetooth SIG was in furtherance of its unlawful, inequitable plan to later claim that any product in compliance with Bluetooth Specification version 1.2 and above infringed the Asserted Patents.

84. Bandspeed alleges that the claims of the Asserted Patents are Necessary Claims to comply with Bluetooth Specification version 1.2 and above.

## AFFIRMATIVE DEFENSES

85. Without admitting or acknowledging that it bears the burden of proof as to any of them, NV asserts the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

86. The Complaint fails to state a claim upon which relief may be granted and/or fails to plead the allegations with sufficient particularity.

## SECOND AFFIRMATIVE DEFENSE

87. NV does not infringe and has not infringed, either individually or jointly, directly or indirectly, literally or under the doctrine of equivalents, contributed to the infringement of, or induced the infringement of any properly construed, valid, enforceable claim of the Asserted Patents.

**THIRD AFFIRMATIVE DEFENSE**

88. The claims of the Asserted Patents are invalid and/or void because they are anticipated and/or rendered obvious by the prior art or otherwise fail to satisfy one or more of the requirements of patentability, including but not limited to those arising under 35 U.S.C. §§ 101, 102, 103, and/or 112.

**FOURTH AFFIRMATIVE DEFENSE**

89. Upon information and belief, Bandspeed's claims are barred, in whole or in part, because one or more of the accused products is subject to license to one or more of the Asserted Patents, including under the doctrines of express license, implied license, or patent exhaustion.

90. Bandspeed signed, and agreed to the terms of, the Bluetooth License Agreement as a condition of membership in Bluetooth SIG.

91. By agreeing to the terms of the Bluetooth License Agreement, Bandspeed agreed to grant Bluetooth SIG and its members, including NV and STMicroelectronics, Inc., a royalty-free license to all Bandspeed "Contributions" that are "Necessary Claims" to practice the standards set forth in the Bluetooth Specification.

92. Bandspeed alleges that the claims of the Asserted Patents are necessary to practice the standards set forth in Bluetooth Specification version 1.2 and above.

93. Bandspeed's agreement to be bound by the Bluetooth License Agreement creates an express contract with Bluetooth SIG and its members, including NV and STMicroelectronics, Inc.

94. Bandspeed's representations and other conduct create, at least, an implied contract with Bluetooth SIG and its members, including NV and STMicroelectronics, Inc.

95. Bandspeed has breached its contractual obligations to Bluetooth SIG and its members, including NV and STMicroelectronics, Inc, by alleging that NV infringes the Asserted Patents. NV has incurred, and will continue to incur damages as a direct and proximate result of Bandspeed's breach of its contractual obligations to Bluetooth SIG and its members, including NV and STMicroelectronics, Inc..

96. NV is entitled to a worldwide royalty-free license to the Asserted Patents pursuant to the terms of the Bluetooth License Agreement.

### FIFTH AFFIRMATIVE DEFENSE

97. By reason of the prior art and/or statements and representations made to and by the United States Patent and Trademark Office during the prosecution of the applications that led to the issuance of the Asserted Patents, the Asserted Patents are so limited that none of their claims may be properly construed as covering any activity of NV.

### SIXTH AFFIRMATIVE DEFENSE

98. Bandspeed's claims are barred in whole or in part by the doctrine of patent misuse.

### SEVENTH AFFIRMATIVE DEFENSE

99. Bandspeed's wrongful conduct as alleged herein constitutes unclean hands and renders the Asserted Patents unenforceable.

100. Bandspeed's claims are barred in whole or in part by the equitable doctrine of unclean hands.

### EIGHTH AFFIRMATIVE DEFENSE

101. Bandspeed's claims are barred in whole or in part by the equitable doctrine of laches.

### NINTH AFFIRMATIVE DEFENSE

102. Bandspeed's claims are barred in whole or in part by the equitable doctrine of waiver.

103. When Bandspeed contributed its AFH technology to Bluetooth SIG, Bandspeed relinquished any right to sue Bluetooth SIG and its members, including NV and STMicroelectronics, Inc., on any of the Asserted Patents.

104. By agreeing to the terms of the Bluetooth License Agreement, Bandspeed led Bluetooth SIG and its members, including NV and STMicroelectronics, Inc., to reasonably believe that they had been granted a royalty-free license to all Bandspeed "Contributions" that are "Necessary Claims" to practicing the standards set forth in Bluetooth Specification version 1.2 and above.

105. NV has incurred, and will continue to incur damages as a direct and proximate result of Bandspeed's breach of its contractual obligations to Bluetooth SIG and its members, including NV and STMicroelectronics, Inc.

106. NV is entitled to a worldwide royalty-free license to the Asserted Patents pursuant to the terms of the Bluetooth License.

### TENTH AFFIRMATIVE DEFENSE

107. Bandspeed's claims are barred in whole or in part by the equitable doctrine of promissory estoppel.

108. As a result of its membership in Bluetooth SIG and its participation in the standards setting process related thereto, Bandspeed promised, both explicitly and implicitly, that it would abide by the rules and policies of Bluetooth SIG. Specifically, Bandspeed knew and

understood that it had agreed to the terms of the Bluetooth License Agreement as a condition of membership.

109.  By agreeing to the terms of the Bluetooth License Agreement, Bandspeed promised, both explicitly and implicitly, to grant Bluetooth SIG and its members, including NV and STMicroelectronics, Inc., a royalty-free license to all Bandspeed "Contributions" that are "Necessary Claims" to practice the standards set forth in Bluetooth Specification version 1.2 and above.

110.  Bandspeed knew or reasonably should have known that Bluetooth SIG and its members, including NV and STMicroelectronics, Inc., would rely upon Bandspeed's promise.

111.  NV, as a member of Bluetooth SIG, reasonably relied upon Bandspeed's promise to provide a royalty-free license to all "Contributions" that are "Necessary Claims" to practice the standards set forth in Bluetooth Specification version 1.2 and above.

112.  NV has been prejudiced by having to defend against Bandspeed's complaint for alleged infringement of the Asserted Patents.  NV has incurred, and will continue to incur damages as a direct and proximate result of Bandspeed's breach of its contractual obligations to Bluetooth SIG and its members, including NV and STMicroelectronics, Inc.

113.  NV is entitled to a worldwide royalty-free license to the Asserted Patents pursuant to the terms of the Bluetooth License Agreement.

**ELEVENTH AFFIRMATIVE DEFENSE**

114.  Bandspeed's claims are barred in whole or in part by the equitable doctrine of equitable estoppel.

115.  During its membership in Bluetooth SIG and its participation in standards setting by Bluetooth SIG, Bandspeed misled Bluetooth SIG and its members, including NV and

STMicroelectronics, Inc., regarding its intent not to comply with its obligations under the Bluetooth License Agreement.

116. By engaging in such misleading conduct, Bandspeed knew or reasonably should have known that such acts would be relied upon by Bluetooth SIG and its members, including NV and STMicroelectronics, Inc.

117. Bluetooth SIG and its members, including NV and STMicroelectronics, Inc., did not and could not have known of Bandspeed's true motives to contribute its AFH technology, have Bluetooth SIG announce that it was adopting the AFH technology in the Bluetooth Specification, withdraw from Bluetooth SIG, and then sue on the Asserted Patents.

118. Bluetooth SIG and its members, including NV and STMicroelectronics, Inc., detrimentally relied upon Bandspeed's misleading conduct by adopting Bluetooth Specification version 1.2, containing the AFH technology contributed by Bandspeed.

119. NV, as a member of Bluetooth SIG, reasonably relied upon the express provision of the Bluetooth License Agreement, including the royalty-free license to all "Contributions" that are "Necessary Claims" to practice the standards set forth in Bluetooth Specification version 1.2 and above.

120. NV has been prejudiced by having to defend against Bandspeed's complaint for alleged infringement of the Asserted Patents.

## TWELFTH AFFIRMATIVE DEFENSE

121. Bandspeed's claims for damages are limited by 35 U.S.C. § 286, which prohibits recovery for any infringement committed more than six years before the filing of the Complaint.

## THIRTEENTH AFFIRMATIVE DEFENSE

122.   Bandspeed's claims are barred in whole or in part due to its failure to mitigate damages, if any.

## FOURTEENTH AFFIRMATIVE DEFENSE

123.   NV has not and does not willfully infringe any properly construed, valid, enforceable claim of the Asserted Patents, and has not and is not committing any acts supporting an exceptional case claim.

## FIFTEENTH AFFIRMATIVE DEFENSE

124.   Bandspeed's claims for damages, if any, are limited to the extent that Bandspeed or its predecessors in interest failed to mark its products, provide notice, or otherwise meet the requirements of 35 U.S.C. § 287, and NV is not liable for any acts alleged to have occurred before NV had actual notice of the Asserted Patents and the allegations in the Complaint.

## SIXTEENTH AFFIRMATIVE DEFENSE

125.   NV has engaged in all relevant activities in good faith, thereby precluding Bandspeed, even if it prevails, from recovering its reasonable attorneys' fees and/or costs under 35 U.S.C. § 285.

## SEVENTEENTH AFFIRMATIVE DEFENSE

126.   Bandspeed is not entitled to costs under 35 U.S.C. § 288.

## EIGHTEENTH AFFIRMATIVE DEFENSE

127.   Bandspeed's claims are improperly asserted in this forum and damages are limited to the extent that the accused products were used by or manufactured for the United States of America pursuant to 28 U.S.C. § 1498.

## NINETEENTH AFFIRMATIVE DEFENSE

128. The Western District of Texas lacks personal jurisdiction over NV.

## OTHER DEFENSES RESERVED

129. NV has insufficient knowledge or information upon which to form a belief as to whether it may have additional, and as yet unstated, affirmative defenses available and reserve the right to assert additional defenses, at law or in equity, which may be developed through discovery in this action.

## JURY DEMAND

130. NV respectfully demands a trial by jury on all issues and claims so triable.

## PRAYER FOR RELIEF

WHEREFORE, NV prays for the Court to enter judgment in its favor and grant the following relief:

a. Judgment that NV does not infringe and has not infringed, either individually or jointly, directly or indirectly, literally or under the doctrine of equivalents, contributed to the infringement of, or induced the infringement of any claim of the Asserted Patents;

b. Judgment that each asserted claim of the Asserted Patents is invalid;

c. Judgment that NV has a worldwide royalty-free license to the Asserted Patents;

d. Judgment that Bandspeed is estopped from alleging that NV infringes the Asserted Patents;

e. Judgment that Bandspeed has waived any right to sue NV for infringement of the Asserted Patents;

f. Judgment that the Asserted Patents are not enforceable by Bandspeed against NV;

g.   Judgment that Bandspeed shall not be entitled to any damages, enhanced damages, costs, expenses, attorneys' fees, pre-judgment interest, or post-judgment interest from NV;

h.   Judgment declaring this case exceptional under 35 U.S.C. § 285 and awarding NV its reasonable costs and expenses of litigation, including attorneys' fees;

i.   Denial of Bandspeed's request for judgment that this action is an exceptional case; and

j.   Such other and further relief as this Court may deem just and proper.

Dated: February 27, 2015                    Respectfully submitted,

/s/ *Steven G. Schortgen*
Steven G. Schortgen
  Texas State Bar No. 00794603
  steve.schortgen@klgates.com
Jennifer Klein Ayers, *Admission Pending*
  Texas State Bar No. 24069322
  jennifer.ayers@klgates.com
**K&L Gates LLP**
1717 Main St.
Suite 2800
Dallas, Texas 75201
Telephone: (214) 939.5500
Facsimile: (214) 939.5849

    Roderick Bland Williams
      Texas State Bar No. 21573700
      rick.williams@klgates.com
**K&L Gates LLP**
2801 Via Fortuna, Suite 350
Austin, Texas 78746
(512) 482.6800
(512) 482.6859 *Facsimile*

    Michael J. Bettinger, *Pro Hac Vice*
      California Bar No. 122196
      mike.bettinger@klgates.com
    Stephen M. Everett, *Pro Hac Vice*
      California Bar No. 121619
      stephen.everett@klgates.com
    Cameron A. Zinsli, *Pro Hac Vice*
      California Bar No. 286019
      cameron.zinsli@klgates.com
**K&L Gates LLP**
4 Embarcadero Center, Suite 1200
San Francisco, California 94111
(415) 882.8200
(415) 882.8220 *Facsimile*

**ATTORNEYS FOR DEFENDANTS STMICROELECTRONICS N.V. AND STMICROELECTRONICS, INC.**

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that all counsel of record who have appeared in this case are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5 on this 27th day of February, 2015.

      /s/ *Steven G. Schortgen*
      Steven G. Schortgen

**DEFENDANT STMICROELECTRONICS N.V.'S ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT    PAGE 20**